Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondent.

**Otha James BELL, Petitioner,**

**v.**

**Captain W. A. MAHONEY and the North Carolina Department of Corrections, Respondents.**

**Civ. A. No. 2263.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Sept. 1, 1970.

## OPINION AND JUDGMENT

DALTON, District Judge, sitting by designation.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis*.

On March 4, 1966, petitioner admittedly shot and killed one Sam McCoy after an argument over a card game. Probable cause was found at a preliminary hearing on April 18, 1966 in the Raleigh City Court where petitioner was represented by court-appointed counsel. Indictment by the grand jury followed and on May 3, 1966, the Wake County Superior Court appointed an attorney to represent petitioner on the charge of murder in the first degree.

On June 13, 1966, petitioner appeared in the Wake County Superior Court and attempted to enter a plea of guilty to second degree murder. On examination by the court, however, he claimed that the killing was accidental and the judge refused to accept the guilty plea. Two days later he returned to court and again entered a plea of guilty to second degree murder. The court then heard evidence from both the prosecution and the defendant, convicted the defendant of second degree murder, and imposed a sentence of twenty-five years.

Petitioner now seeks to attack the constitutionality of that conviction in this court on the sole ground that the plea of guilty was coerced by a fear of the death penalty. Other claims were presented in a petition for post-conviction relief in the Wake County Supe-

rior Court which denied the relief without a hearing. The ground presently asserted was presented in a petition to the Supreme Court of North Carolina which also denied relief. Although this particular claim has not been presented at the superior court level, under the circumstances this court feels that the petitioner has sufficiently exhausted his state remedies to meet the requirement of 28 U.S.C. § 2254.

The fact that petitioner's fear of the death penalty was a primary cause of his guilty plea does not vitiate its voluntariness or effectiveness. When a guilty plea is entered on the competent advice of counsel and when the defendant is aware of the consequences of his plea, it is a voluntary and understanding plea of guilty. In the trial petitioner was represented by a court-appointed attorney who was assisted by a National Defender Law Intern from Duke University. The record indicates that the defendant was fully advised of all his rights and that the court questioned him as to his understanding of these rights. The fact that the court first refused to accept his guilty plea indicates that the petitioner had plenty of time to think about the consequences of what he was doing. Therefore, the effect of a possible death penalty on petitioner's decision to plead guilty does not destroy its voluntary and understanding character. Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed and the relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.